Russell S. Thompson, IV (029098)
David McDevitt (030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
dmcdevitt@consumerlawinfo.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Bultemeyer, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CenturyLink, Inc.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1.  Plaintiff Lydia Bultemeyer ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant CenturyLink, Inc. ("CenturyLink") for violations the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.  Venue is proper before this Court under 28 U.S.C. § 1391(b), as the acts

and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## THE FAIR CREDIT REPORTING ACT

4. The FCRA was enacted by Congress to ensure fair and accurate credit reporting, promote efficiency in the banking system, and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

5. To further purpose of protecting consumer privacy, the FCRA prohibits consumer reporting agencies ("CRA") from furnishing consumer reports to a prospective user unless that person has a "permissible purpose" to use the report. *See* 15 U.S.C. § 1681b(a)-(b).

6. Likewise, the FCRA makes it unlawful for any person to use or obtain a consumer report without a "permissible purpose." 15 U.S.C. § 1681b(f).

7. The process of obtaining a consumer report is colloquially known as "pulling" a consumer's credit report.

8. In contrast to a "soft" pull of an individual's consumer report, which does not affect the consumer's credit score, "a 'hard pull' involves accessing a credit report for the purpose of issuing new credit or increasing the amount of existing credit. These inquiries can be seen by potential creditors and can impact a consumer's credit score." *Banga v. First USA, NA*, C 10-0975 SBA, 2014 WL 1158872, fn. 2 (N.D. Cal. 2014) *reconsideration denied*, C 10-0975 SBA, 2014 WL 3533423 (N.D. Cal. 2014).

9. Thus, restricting who may make a "hard pull" of a consumer's credit report gives consumers a greater ability to manage their credit scores, thus promoting

Congress's intent of ensuring a fair credit reporting system.

10. Any person who willfully obtains a consumer report about an individual without one of "permissible purposes" set forth in 15 U.S.C. § 1681b(a) is liable to such individual in an amount between $100 and $1,000. *See* 15 U.S.C. §§ 1681b(f), 1681n(a)(1)(A).

11. A claimant may bring a cause of action under the FCRA on behalf of a class of similarly situated individuals under Rule 23. *See Massey v. On-Site Manager, Inc.*, 285 F.R.D. 239, 245 (E.D.N.Y. 2012) (granting motion to certify an FCRA class).

## PARTIES

12. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

14. Defendant CenturyLink, Inc. ("CenturyLink") is a for-profit foreign corporation authorized to do business in the State of Arizona.

15. CenturyLink is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

16. CenturyLink is a provider of telecommunications services in the Phoenix metropolitan area.

17. CenturyLink's website has a five-step process for placing an order for its residential telecommunications services.

18. The CenturyLink website displays the step-by-step process to visitors as they navigate the ordering process. The steps are shown as follows:

- Step 1:     Choose Services
- Step 2:     Customize
- Step 3:     Shopping Cart
- Step 4:     Customer Info
- Step 5:     Checkout

19. When a visitor reaches Step 2, CenturyLink's website informs the visitor that there will be certain "One-time Charges" he or she must pay upon Checkout.

20. On or about April 6, 2014, Plaintiff visited CenturyLink's website because she was considering placing an order for CenturyLink's residential internet services.

21. Plaintiff completed the first four steps and reached Step 5, "Checkout," at which point CenturyLink requested Plaintiff's credit card information to pay the total "One-time Charges" before placing the order.

22. However, when Plaintiff reached Step 5, Plaintiff changed her mind and decided not to place an order CenturyLink services.

23. In spite of the fact that she did not place an order for services, CenturyLink requested and obtained a copy of Plaintiff's consumer report from Trans Union, a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), based on personal information she had provided in Steps 1-4.

24. Upon information and belief, CenturyLink's website was and is designed to automatically request and obtain a visitor's consumer report from Trans Union after the visitor proceeds from Step 4 to Step 5.

25. As Plaintiff never ordered services from CenturyLink, Plaintiff did not initiate a business transaction with CenturyLink.

26. As Plaintiff never ordered services from CenturyLink, CenturyLink did

not have a legitimate business need for Plaintiff's consumer report.

27. Accordingly, CenturyLink obtained Plaintiff's consumer report without a permissible purpose.

## CLASS ALLEGATIONS

28. Plaintiff repeats and re-alleges all previous factual allegations.

29. Plaintiff brings this action on behalf of herself and others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> Every individual in the United States about whom, n the two years prior to the filing of this complaint, CenturyLink obtained a consumer report using the personal information the individual entered into CenturyLink's website before such individual placed an order for CenturyLink's services.

30. The proposed class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of CenturyLink, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

31. The class is averred to be so numerous that joinder of members is impracticable.

32. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

33. The class is ascertainable in that the names and addresses of all class

members can be identified in business records maintained by CenturyLink.

34. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of CenturyLink's identical conduct particular to the matters at issue; (b) CenturyLink's violations of the FCRA; (c) the availability of statutory penalties; (d) the availability of punitive damages; and (e) attorney's fees and costs.

35. The claims of Plaintiff are typical of those of the class she seeks to represent.

36. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of CenturyLink. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

37. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

38. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

39. Plaintiff is willing and prepared to serve this Court and proposed class.

40. The interests of Plaintiff are co-extensive with and not antagonistic to

those of the absent class members.

41.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

42.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

43.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

44.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that CenturyLink has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

45.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate

over any questions affecting only individual members.

46.  Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681b(f)
## CENTURYLINK

47.  Plaintiff incorporates by reference each factual allegation above.

48.  CenturyLink violated 15 U.S.C. § 1681b(f) by using or obtaining Plaintiff's consumer report without a permissible purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that CenturyLink willfully violated 15 U.S.C. § 1681b(b)(3)(A) with respect to Plaintiff and all those similarly situated;

c) Awarding Plaintiff, and all those similarly situated, statutory damages in

      an amount between $100 and $1,000 and punitive damages, pursuant to 15 U.S.C. § 1681n;

  d) Awarding Plaintiff, and all those similarly situated, the costs of the action, and a reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n and/or Rule 23.

  e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 14, 2014.    Respectfully submitted,

                                          <u>s/ Russell S. Thompson, IV</u>
                                          Russell S. Thompson, IV (029098)
                                          David McDevitt (030761)
                                          Thompson Consumer Law Group, PLLC
                                          5235 E. Southern Ave., D106-618
                                          Mesa, AZ 85206
                                          602-388-8898
                                          866-317-2674 facsimile
                                          rthompson@consumerlawinfo.com
                                          dmcdevitt@consumerlawinfo.com
                                          Attorneys for Plaintiff