**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Bultemeyer,<br><br>                Plaintiff,<br>vs.<br><br>CenutryLink, Inc.,<br><br>                Defendant. | No.  CV-14-02530-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Lydia Bultemeyer's Motion for Partial Summary Judgment (Doc. 109), and Defendant CenturyLink's Cross-Motion for Partial Summary Judgment. (Doc. 111) The Motions have been fully briefed and are ready for consideration.[1]

**I.    BACKGROUND[2]**

Defendant is a national telecommunications provider whose services are available in Maricopa County. (Doc. 2 at 3) Plaintiff is an individual residing in the City of Phoenix. (Doc. 1 at 3) On April 6, 2014, Plaintiff accessed Defendant's website and began an online order for residential internet services. (Doc. 110 at 3) Plaintiff proceeded most of the way through the five-step process, going as far as to enter her personal information, agreeing to

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] The following facts are undisputed unless otherwise noted.

Defendant's terms and conditions, and proceeding to the final "Checkout" stage. (Doc. 1 at 4) It was then that she abandoned her order, without entering her payment information. (Doc. 1 at 4) Defendant ran a consumer report on Plaintiff between Step 4 (where she entered her personal information), and Step 5 (Checkout). (Doc. 110 at 2) Plaintiff filed a complaint on November 14, 2014, on behalf of herself and all others similarly situated, alleging one violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. (Doc. 1) Plaintiff claims Defendant accessed her information without a permissible business purpose, which is prohibited under 15 U.S.C. § 1681b(f). (Doc. 1 at 5) Defendant later filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), which the Court denied on September 18, 2015. (Docs. 12, 29) In its September 18, 2015 Order, the Court instructed the parties to conduct expedited discovery and submit bifurcated summary judgment pleadings. (Doc. 29 at 4–5) The parties were instructed to address two issues: 1) whether Plaintiff "initiated" a business transaction; and (2) whether Defendant had a legitimate business purpose to run Plaintiff's consumer report. (Doc. 29 at 4) The Court also invited the parties to consider *Bickley v. Dish Network, LLC*, 751 F.3d 724 (6th Cir. 2014). (Doc. 29 at 5)

The parties initially moved for summary judgment in June of 2016. The Court granted summary judgment to Defendant due to lack of Article III standing, which Plaintiff appealed. (Docs. 85, 96) The Court of Appeals for the Ninth Circuit reversed and remanded this Court's grant of summary judgment. (Doc. 98) The Court ordered a rebriefing on March 3, 2020. (Doc. 106)

Plaintiff again moves for partial summary judgment on the issue of whether Defendant had a permissible business purpose under 15 U.S.C § 1681b(a). (Doc. 109) Defendant moves for partial summary judgment on the same issue. (Doc. 111)

## II.   LEGAL STANDARDS

### A. Motions for Summary Judgment

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

2

Rule 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In other words, where different inferences can be drawn, summary judgment is inappropriate. *Boulder Oro Valley LLC v. Home Depot USA Inc.*, No. CV-17-00453-TUC-DCB, 2019 WL 2106419, at *1 (D. Ariz. Mar. 26, 2019) (quoting *Sankovich v. Life Ins. Co. of North Am.*, 638 F.2d 136, 140 (9th Cir. 1981)).

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant is able to do so, the burden then shifts to the non-movant who "must do more than simply show that there is some metaphysical doubt as to the material facts," and, instead, must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When considering a motion for summary judgment, a court must view the factual record and draw all reasonable inferences in a light most favorably to the nonmoving party. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). "In reviewing cross-motions for summary judgment, each motion must be considered on its own merits." *Acosta v. City Nat'l Corp.*, 922 F.3d 880, 885 (9th Cir. 2019) (internal quotations omitted). When parties file cross-motions for summary judgment, the court must review each motion separately, giving the nonmoving party for each motion the benefit of all reasonable inferences. *Eat Right Foods Ltd. v. Whole Foods Mkt, Inc.*, 880 F.3d 1109, 1118 (9th Cir. 2018).

**B.  Statutory Background**

FCRA prohibits a person (or company) from using or obtaining consumer reports without a permissible purpose. 15 U.S.C. § 1681b(f). Permissible purposes include when the consumer to whom the report relates gave written instruction, and when it is used for

"legitimate business need[s]" in connection with a business transaction "initiated by the customer." 15 U.S.C. §§ 1681b(a)(2),(F)(i).

### III. DISCUSSION

The parties move for partial summary judgment on some of the same issues, mainly whether Defendant had a permissible purpose under FCRA. Whether Defendant had a permissible purpose turns on whether Plaintiff "initiated" a "business transaction," thus, both issues the Court requested were briefed. Plaintiff also included an argument about written consent, which Defendant failed to address. The Court now considers each motion on its merits.

#### A. Whether Defendant had a permissible purpose under FCRA

Defendant asserts that it needed Plaintiff's data to verify her identity and prevent identity theft, which it contends is a "legitimate business need." (Doc. 111 at 9) Defendant cites *Bickley* for support. 751 F.3d at 731 ("[Service providers] have a legitimate interest in confirming that prospective consumers are who they claim to be and are eligible for services."). Plaintiff contends that Defendant did not use her information after it obtained a consumer report, and that it should have waited until after the *purchase* was initiated to pull her information. (Doc. 113 at 4–5) The determination of whether there was a legitimate business purpose turns on whether Plaintiff provided written instruction or initiated a business transaction. *See infra* III.B and C for the Court's analysis.

#### B. Whether Plaintiff gave written permission to Defendant to pull her consumer report

Plaintiff asserts that she did not give Defendant written permission under 15 U.S.C. § 1681b(a)(2) to obtain or use her consumer report. (Doc. 109 at 10) Plaintiff has alleged that she checked a box that confirmed she was aware that a credit check would be required to complete an online order. (Doc. 110 at ¶11) She argues this is not written consent for purposes of FCRA. (Doc. 109 at 10) Defendant did not address this argument in its opposition brief. Regardless, lack of written permission alone is insufficient to show a FCRA violation. *See Traveler v. Glenn Jones Ford Lincoln Mercury 1987*, No. CV-05-

0817-PHX-SRB, 2006 WL 173687, at *3 (D. Ariz. Jan. 24, 2006). Accordingly, the Court will focus its analysis on 15 U.S.C. § 1681b(a)(3)(A).

### C. Whether Plaintiff initiated a business transaction

Plaintiff's position is that she did not initiate a business transaction because at the time her consumer report was pulled, she was "comparison shopping." (Doc. 109 at 2, 13–14) Plaintiff argues that this situation distinguishes her case from *Bickley*. In *Bickley*, the customer was an identity thief making an order from over the phone, using the plaintiff's personal information. 751 F.3d at 726. The phone representative ran a consumer report based on the information provided. *Id.* Plaintiff argues that a telephone customer or an in-store customer would expect their information to be used by the provider, but that an online customer would not, because the online customer is just "shopping" for prices. (Doc. 109 at 13–14) Plaintiff argues price comparisons are not business transactions for the purposes of FCRA, because according to Federal Trade Commission guidance, "the customer must clearly understand that he or she is initiating the purchase." (Doc. 109 at 12) Under this definition, Plaintiff argues that "initiation" would not occur she clicked on the submit button at the final stage of the order process. (Doc. 109 at 12)

Defendant's position is that, in starting an online order, Plaintiff initiated a business transaction. (Doc. 111 at 13) Defendant argues that "initiated" should be interpreted using "dictionary definitions" and Ninth Circuit interpretations of "commence" as used in a different federal statute. (Doc. 111 at 12) The Oxford English Dictionary defines initiate as "begun, commenced, introduced." The Ninth Circuit defined "commence" as "to initiate by performing the first act. To institute or start." *Smith v. Confederated Tribes of Warm Springs Reservation of Oregon*, 783 F.2d 1409, 1412 (9th Cir. 1986).

The issue is not only whether Plaintiff initiated the transaction; it is also whether Defendant knew or should have known that Plaintiff *did not intend* to initiate the transaction. *See Rand v. Citibank, N.A.*, No. 14-CV-04772 NC, 2015 WL 510967, at *3 (N.D. Cal. Feb. 6, 2015) (the plaintiff was a longtime customer of the defendant and the defendant knew or should have known a new application was fraudulent before pulling a

consumer report).

This Court has stated that when a consumer is "comparison shopping" there is no permissible purpose under 15 U.S.C. § 1681b(a)(3)(A) and written permission from the consumer is needed. *Traveler*, 2006 WL 173687, at *4 (defendant car dealership pulled plaintiff's credit report after plaintiff inquired as to pricing and lending options). In 2015, the Northern District of California addressed issues extremely similar to those in the instant case. In *Heaton v. Social Finance, Inc.*, one plaintiff followed an online multistep process to potentially obtain student loan refinancing or a personal loan. No. 14-CV-05191-TEH, 2015 WL 6744525, at *2 (N.D. Cal. Nov. 4, 2015). The layout of the terms and conditions and the loan products on the website were very similar to the website display here. *Id.* In one of the steps, the plaintiff clicked "agree" to the defendant's credit disclosure, signifying his agreement to a soft credit pull. *Id.* Before the plaintiff finalized the transaction, but after he had "requested" a loan, the company performed a hard pull on his credit report. *Id.* The plaintiff in that case cited the same Federal Trade Commission letter as Plaintiff and argued that his actions on the website constituted comparison shopping behavior. *Id.* at *4. The court found it persuasive but not binding. *Id.* The defendant argued that by agreeing to the terms and conditions and progressing to a certain point in the loan application, plaintiff had initiated a transaction. *Id.* Ultimately the court concluded that material issues of fact existed as to whether a permissible purpose for conducting a hard credit inquiry existed. *Id.* at *5.

**IV.   CONCLUSION**

In reviewing the record, motions, and responsive briefings, the Court has found there to be issues of material fact as to whether a permissible purpose under 15 U.S.C. § 1681b(a) exists.

///
///
///
///
///

6

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment and Defendant's Cross-Motion for Partial Summary Judgment are **denied**.

Dated this 14th day of October, 2020.

Honorable Steven P. Logan
United States District Judge