Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
602-388-8898
866-317-2674 facsimile
rthompson@ThompsonConsumerLaw.com

Andrew J. Brown, *Pro Hac Vice*
The Law Offices of Andrew J. Brown
501 W. Broadway, Ste. 1490
San Diego, CA  92101
Telephone: (619) 501-6550
andrewb@thebrownlawfirm.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Bultemeyer, *on behalf of herself and the Class*,<br><br>Plaintiff,<br><br>    vs.<br><br>CenturyLink, Inc.,<br><br>Defendant. | Case No. 2:14-cv-02530-SPL<br><br>**JOINT PROPOSED JURY INSTRUCTIONS** |

Pursuant to the Court's Order Setting the Final Pretrial Conference (Doc. 197), Plaintiff Lydia Bultemeyer, on behalf of herself and the Class, and Defendant CenturyLink, Inc. submit their Joint Proposed Jury Instructions:

## A. Preliminary Instructions

List of Ninth Circuit Model Instructions Requested:

1.3, 1.5, 1.6, 1.9, 1.10, 1.12, 1.13, 1.14, 1.15, 1.17, 1.18, 1.20, 1.21, 2.0.

Special Jury Instruction No. 1: This is a Class Action

Special Jury Instruction No. 2: FCRA'S General Purpose

Special Jury Instruction No. 3: FCRA Definitions

Special Jury Instruction No. 4: Permissible Purpose under the FCRA

Special Jury Instruction No. 6: Willfully Defined

## B. Final Instructions

List of Ninth Circuit Model Instructions Requested: 1.4, 1.5, 1.6, 1.9, 1.10, 1.11,

2.4, 2.11, 2.12, 2.13, 2.16, 3.1, 3.2, 3.3, 3.5

Special Jury Instruction No. 1: This is a Class Action

Special Jury Instruction No. 2: FCRA'S General Purpose

Special Jury Instruction No. 3: FCRA Definitions

Special Jury Instruction No. 4: Permissible Purpose under the FCRA

Special Jury Instruction No. 5: Federal Trade Commission Advisory Opinions

Special Jury Instruction No. 6: Willfully Defined

Special Jury Instruction No. 7: Statutory Damages

Special Jury Instruction No. 8: Punitive Damages

# **PRELIMINARY INSTRUCTIONS**

### **STIPULATED**

### **1.3 Duty of Jury**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**<u>DISPUTED</u>**

**1.5 Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Ms. Bultemeyer asserts that CenturyLink obtained her consumer credit report, and the class members' consumer credit reports, without a permissible purpose. The Fair Credit Reporting Act prohibits a person (or entity) from using or obtaining a consumer credit report concerning an individual unless that person (or entity) has one or more permissible purposes specified in the statute for doing so. Ms. Bultemeyer must show by a preponderance of the evidence that CenturyLink willfully obtained her consumer credit report.

CenturyLink contends that it had a permissible purpose to obtain Ms. Bultemeyer's consumer credit report, as well the class members' consumer credit reports, because it had a legitimate business need for the information in connection with a business transaction that was initiated by Ms. Bultemeyer (and the Class members) at the time it obtained the report(s). CenturyLink must show by a preponderance of the evidence that it had a permissible purpose to obtain Ms. Bultemeyer's (and the Class members') consumer credit report(s).

**Plaintiff's authority**:

9th Cir. Model Civ. Jury Instr. 1.5; 15 U.S.C. § 1681b(f); 15 U.S.C. § 1681b(a)(3)(F)

**Defendant's objection(s)**:

The burden of proof is on Plaintiff, not Defendant.  *See, e.g., Jabbari v. Farmer*, 965 F.3d 1001, 1008 (9th Cir. 2020) Also, whether Defendant had a reason to believe it had a permissible purpose is relevant to Plaintiff's claims.   See authority for Defendant's alternative Special Instruction No. 4.

**Defendant's alternative instruction**:

### 1.5 Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Ms. Bultemeyer asserts that CenturyLink obtained her consumer credit report, and the class members' consumer credit reports, without a permissible purpose.  The Fair Credit Reporting Act prohibits a person (or entity) from using or obtaining a consumer credit report concerning an individual unless that person (or entity) has one or more permissible purposes specified in the statute for doing so.[1]  Ms. Bultemeyer must show by a preponderance of the evidence that CenturyLink obtained her consumer credit report as well as the consumer credit reports of each class member, in violation of the Fair Credit Reporting Act and that such violations were not merely negligent but were willful.

CenturyLink denies those claims because it had a permissible purpose to obtain Ms. Bultemeyer's consumer credit report, as well the class members' consumer credit reports, because it had a legitimate business need for the information in connection with

---

[1] 15 U.S.C. § 1681b(f).

a business transaction that was initiated by Ms. Bultemeyer (and the Class members) at the time it obtained the report(s).[2]  CenturyLink further contends that, even if Ms. Bultemeyer, and the class members did not intend to initiate transactions, it did not violate the Fair Credit Reporting Act because it had reason to believe it had a permissible purpose.

**Defendant's authority**:

See authorities for Defendant's alternative Special Instruction No. 4.

---

[2] 15 U.S.C. § 1681b(b)(1)(3)(F).

## <u>STIPULATED</u>

### 1.6 Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim, or any affirmative defense, by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## **STIPULATED**

### **1.9 What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I [may instruct] [have instructed] you to accept as proved.

**STIPULATED**

**1.10 What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**<u>STIPULATED</u>**

**1.12 Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**<u>STIPULATED</u>**

**1.13 Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**STIPULATED**

**1.14 Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**STIPULATED**

**1.15 Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any

investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

## **STIPULATED**

### **1.17 No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given.   During deliberations you will not have a transcript of the trial testimony.

**<u>STIPULATED</u>**

**1.18 Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**<u>STIPULATED</u>**

**1.20 Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**<u>STIPULATED</u>**

**1.21 Outline of Trial**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**STIPULATED**

**2.0 Cautionary Instructions**

**At the End of Each Day of the Case:**

    As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

    As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

**<u>STIPULATED</u>**

**Special Jury Instruction No. 1: – This is a Class Action**

This lawsuit is proceeding as a class action. A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." The class representative who brings this action is Lydia Bultemeyer.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Here, Ms. Bultemeyer is suing CenturyLink on behalf of a class of consumers.

All members of the class will be bound by the result of this trial. The fact that this case is proceeding as a class action does not mean any decision has been made about what your verdict should be.

Your verdict in this case, whatever it may be, must be the same for every class member because the Court has already found that the important issues in the case are common to all class members.

**STIPULATED**

**Special Jury Instruction No. 2: – FCRA'S General Purpose**

The Fair Credit Reporting Act, ("FCRA") was enacted by Congress to ensure fair and accurate credit reporting, promote efficiency in the banking system, and to protect consumer privacy.

The FCRA prohibits a person from using or obtaining a credit report concerning a consumer without a permissible purpose specified in the statute for doing so. and without making a certification as to that purpose. Restricting the circumstances under which a consumer's credit report may be obtained is consistent with the statutory goal of protecting a consumer's right to privacy.  Any person who obtains a consumer credit report about an individual without one of the "permissible purposes" set forth in 15 U.S.C. § 1681b(a) violates the FCRA.

*See Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 52 (2007); *Banga v. First USA, N*A, C 10-0975 SBA, 2014 WL 1158872, fn. 2 (N.D. Cal. 2014); 15 U.S.C. § 1681(a); 15 U.S.C. § 1681b(a)-(b); 15 U.S.C. § 1681b(f).

## <u>DISPUTED</u>

### Special Jury Instruction No. 3: – FCRA Definitions

Plaintiff and the members of the class are "consumers" as defined by the FCRA, 15 U.S.C. § 1681a(c).

CenturyLink is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

**Plaintiff's authority**:

9th Cir. Model Civ. Jury Instr. 1.6; 15 U.S.C. § 1681a(b); 15 U.S.C. § 1681a(c); Doc. 178 at 10.

**Defendant's objection(s)**:

The list of potential class members provided by Defendant includes entries that do not meet the definition of a consumer, e.g., businesses and false names.

**Defendant's alternative instruction**:

### Special Jury Instruction No. 3: – FCRA Definitions

Plaintiff is a "consumer" as defined in the FCRA.

CenturyLink is a "person" as defined in the FCRA.

**Defendant's authority**:

15 U.S.C. § 1681a(b); 15 U.S.C. § 1681a(c). The class definition is not consistent with the entries on the class list.

**<u>DISPUTED</u>**

**Special Jury Instruction No. 4: Permissible Purpose**

To have a permissible purpose to obtain Ms. Bultemeyer's and class members' consumer credit reports, CenturyLink must demonstrate by a preponderance of the evidence that it had a legitimate business need for the information in connection with a business transaction that was initiated by Ms. Bultemeyer (and the class members). The requirement that a consumer initiate a business transaction is designed to protect a consumer's privacy and credit-related data by preventing companies from obtaining consumer credit reports that were not requested by the consumer.

Congress intended the FCRA to only authorize a person to request a consumer report to determine an individual's eligibility for credit, insurance or employment. A consumer's inquiry about prices or product availability do not constitute the initiation of a business transaction.

**Plaintiff's authority**:

15 U.S.C. § 1681b(a)(2); 15 U.S.C. § 1681b(a)(3); *Nayab v. Capital One Bank USA*, 942 F.3d 480, 493 (9th Cir. 2019); *Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991); *Bickley v. Dish Network, LLC*, 751 F.3d 724, 732 (6th Cir. 2014); *Skiles v. Tesla, Inc.*, 440 F. Supp. 3d 1012, 1017 (N.D. Cal. 2020); *Miller v. Dish Network, L.L.C.*, 326 F. Supp. 3d 51 (E.D. Va. 2018); 116 Cong. Rec. 36,572 (1970) (Statement of Rep. Sullivan); FTC Staff Summary § 604(a)(3)(F) item 5 (2011).

**Defendant's objection(s)**:

The burden of proof is on Plaintiff, not Defendant. *See, e.g.*, *Jabbari v. Farmer*, 965 F.3d 1001, 1008 (9th Cir. 2020). Also, whether the Defendant had a reason to believe it had a permissible purpose is relevant to Plaintiff's claims.  See authorities below.

**Defendant's alternative instruction**:

### Special Jury Instruction No. 4: Permissible Purpose

To prove that CenturyLink did not have a permissible purpose to obtain Ms. Bultemeyer's and class members' consumer credit reports, Ms. Bultemeyer must demonstrate by a preponderance of the evidence that CenturyLink obtained a credit report relating to Ms. Bultemeyer and each class member, CenturyLink did not have a legitimate business need for the information, and Ms. Bultemeyer and members of the class did not initiate a transaction with CenturyLink. The requirement that a consumer initiate a business transaction does not require that the transaction be consummated, but rather that it be initiated.

Separately, even if the consumer did not intend to initiate a transaction with the user of credit report, a user has a permissible purpose to obtain a credit report if the user had reason to believe it had a permissible purpose in obtaining the report. The FCRA does not define the term "initiated," as used in the provision relevant here. You are permitted to give that word its ordinary meaning. According to dictionaries, "initiate" means to begin, commence, enter upon, to introduce, get going, start.

The FCRA does not require that a user of credit reports obtain a consumer's consent to have a permissible purpose to access her credit report.

A user's use of credit report information to verify the identity of a consumer and prevent identity theft is a legitimate business need. A user's use of credit report information to determine whether to charge a potential customer a deposit is a legitimate business need.

Congress intended the FCRA to only authorize a person to request a consumer report to determine an individual's eligibility for credit, insurance or employment. A consumer's inquiry about prices or product availability do not constitute the initiation of a business transaction.

**Defendant's authority**:

*Domante v. Dish Networks, L.L.C.,* 914 F.3d 1342 (11th Cir. 2020); *Bickley v. Dish Networks, L.L.C.*, 751 F.3d 724 (6th Cir. 2014); *Wyatt v. A & B Sales, Inc.*, No. 5:23-cv-303, 2024 U.S. Dist. LEXIS 14286, at *12-14 (N.D.W.V. Jan. 26, 2024), *In re Banner Bank*, No. 8:20-cv-02304-JLS-JDE, 2022 U.S. Dist. LEXIS 234527, at *9-10 (C.D. Cal. Dec. 16, 2022),  *Miller v. Dish Network, L.L.C.*, 326 F. Supp. 3d 51 (E.D. Va. 2018); *Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890, 896 (D.S.C. 2016);  *Huertas v. Citigroup, Inc.*, No. 13-2050 (RMB/JS), 2015 WL 2226012, at *1 (D.N.J. May 11, 2015), *aff'd*, 639 F. App'x 798 (3d Cir. 2016)  *Danehy v. Jaffe & Asher, LLP*, No. 5:14-CV-60-FL, 2015 WL 1249879, at *5 (E.D.N.C. Mar. 17, 2015)   *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996), *aff'd sub nom. Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997); *Hamilton v. Lanning*, 560 U.S. 505, 513 (2010).

**<u>DISPUTED</u>**

**Special Jury Instruction No. 6: Willfully Defined**

"Willfully" means that CenturyLink intentionally performed an act that violates the Fair Credit Reporting Act or acted in reckless disregard of Plaintiff's rights under the Fair Credit Reporting Act.

Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. A person is reckless if he acts "knowing or having reason to know of facts which would lead a reasonable man to realize" that his actions were substantially risky.

You do not need to find that CenturyLink acted with malice or an evil motive in order to find that it acted willfully.

A person may willfully violate the FCRA by adopting a policy with reckless disregard of whether the policy contravenes consumer rights under the FCRA. This is true even if lawyers approved the policy, and even if courts have not ruled on issues related to the policy.

In determining whether Defendant's conduct was willful, you may consider whether Defendant took prompt remedial action when made aware of the violation.

**Plaintiff's authority**:

*See* S*afeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69-71 (2007); *Farmer v. Brennan,* 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1984); *Reynolds v. Hartford Financial Services,* 435 F 3d 1081, 1098 (9th Cir 2006), rev'd on other grounds; *Harris v. Equifax*

*Credit Info. Servs.*, No. 01-1728-JE, 2003 U.S. Dist. LEXIS 27221 (D. Or. Nov. 24, 2003); *Ramirez v. TransUnion LLC*, 951 F.3d 1008 (9th Cir. 2020); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197 (C.D. Cal. 2007); *Santangelo v. Comcast Corp.*, 341 F. Supp. 3d 830, 837 (N.D. Ill. 2018); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 721 (3d Cir. 2010); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1209 (C.D. Cal. 2007); *DiPrinzio v. MBNA America Bank, N.A.,* No. 04-872, 2005 U.S. Dist. LEXIS 18002, 2005 WL 2039175, \*8 (E.D. Pa. Aug. 24, 2005); 9th Cir. Model Civ. Jury Instr. 5.5.

**Defendant's objection(s)**:

Plaintiff misreads the U.S. Supreme Court decision in *Safeco*, and separately fails to recognize the differences in the statutory claims for negligent and willful violations.

**Defendant's alternative instruction**:

### Special Jury Instruction No. 6: Willfully Defined

To prevail, Ms. Bultemeyer must prove not only that CenturyLink violated the Fair Credit Reporting Act but that such violation was also willful, and not merely negligent.

"Willfully" means that CenturyLink intentionally violated the Fair Credit Reporting Act or acted in reckless disregard of the requirements of the Fair Credit Reporting Act. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, the conduct violating the Fair Credit Reporting Act was objectively unreasonable and its conduct presented an unjustifiably high risk of violating the Fair Credit Reporting Act that was so obvious that the company should have known its conduct violated the statute. You can determine that CenturyLink's conduct was not

objectively unreasonable because the FCRA, appellate court decisions and authoritative

regulatory guidance did not indicate to CenturyLink that its conduct violated the FCRA.

**Defendant's authority**:

15 U.S.C. §§ 1681o, 1681m; *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007);

*Marino v. Ocwen Loan Servicing LLC*, 978 F. 3d 559 (9th Cir. 2020).

**<u>FINAL INSTRUCTIONS</u>**

**<u>STIPULATED</u>**

**1.4 Duty of Jury (Court Reads and Provides Written Instructions at End of Case)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## **DISPUTED**

### **1.5 Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Ms. Bultemeyer asserts that CenturyLink obtained her consumer credit report, and the class members' consumer credit reports, without a permissible purpose. The Fair Credit Reporting Act prohibits a person (or entity) from using or obtaining a consumer credit report concerning an individual unless that person (or entity) has one or more permissible purposes specified in the statute for doing so. Ms. Bultemeyer must show by a preponderance of the evidence that CenturyLink willfully obtained her consumer credit report.

CenturyLink contends that it had a permissible purpose to obtain Ms. Bultemeyer's consumer credit report, as well the class members' consumer credit reports, because it had a legitimate business need for the information in connection with a business transaction that was initiated by Ms. Bultemeyer (and the Class members) at the time it obtained the report(s). CenturyLink must show by a preponderance of the evidence that it had a permissible purpose to obtain Ms. Bultemeyer's (and the Class members') consumer credit report(s).

**Plaintiff's authority**:

9th Cir. Model Civ. Jury Instr. 1.5; 15 U.S.C. § 1681b(f); 15 U.S.C. § 1681b(a)(3)(F)

**Defendant's objection(s)**:

The burden of proof is on Plaintiff, not Defendant. *See, e.g., Jabbari v. Farmer*, 965 F.3d 1001, 1008 (9th Cir. 2020) Also, whether Defendant had a reason to believe it had a permissible purpose is relevant to Plaintiff's claims.   See authority for Defendant's alternative Special Instruction No. 4.

**Defendant's alternative instruction**:

### 1.5 Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Ms. Bultemeyer asserts that CenturyLink obtained her consumer credit report, and the class members' consumer credit reports, without a permissible purpose.  The Fair Credit Reporting Act prohibits a person (or entity) from using or obtaining a consumer credit report concerning an individual unless that person (or entity) has one or more permissible purposes specified in the statute for doing so.[3]  Ms. Bultemeyer must show by a preponderance of the evidence that CenturyLink obtained her consumer credit report as well as the consumer credit reports of each class member, in violation of the Fair Credit Reporting Act and that such violations were not merely negligent but were willful.

CenturyLink denies those claims because it had a permissible purpose to obtain Ms. Bultemeyer's consumer credit report, as well the class members' consumer credit reports, because it had a legitimate business need for the information in connection with

---

[3] 15 U.S.C. § 1681b(f).

a business transaction that was initiated by Ms. Bultemeyer (and the Class members) at the time it obtained the report(s).[4]   CenturyLink further contends that, even if Ms. Bultemeyer, and the class members did not intend to initiate transactions, it did not violate the Fair Credit Reporting Act because it had reason to believe it had a permissible purpose.

**Defendant's authority**:

See authorities for Defendant's alternative special Instruction No. 4.

---

[4] 15 U.S.C. § 1681b(b)(1)(3)(F).

## **<u>STIPULATED</u>**

### **1.6 Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim, or any affirmative defense, by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## **<u>STIPULATED</u>**

### **1.9 What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I [may instruct] [have instructed] you to accept as proved.

**STIPULATED**

**1.10 What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**<u>STIPULATED</u>**

**1.11 Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instructed you that an item of evidence had been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## **STIPULATED***

### **2.4 Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

*Defendant believes this instruction may be unnecessary if no transcripts are read to the jury.

## **STIPULATED**

### **2.11 Use of Interrogatories**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## **STIPULATED**

### **2.12 Use of Requests for Admission**

Evidence was presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

## **STIPULATED**

### **2.13 Expert Opinion**

You have heard testimony from [*name*] who testified about his opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**<u>DISPUTED</u>**

**2.16 Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

**Defendant's Objections:**

Defendant has asked Plaintiff to identify what electronic-format evidence Plaintiff believes will be admitted into evidence, but Plaintiff has not done so.

## **STIPULATED**

### **3.1 Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**STIPULATED**

### 3.2 Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any

research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**<u>STIPULATED</u>**

**3.3 Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## <u>STIPULATED</u>

### 3.5 Return of Verdict

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

## **STIPULATED**

### **Special Jury Instruction No. 1: – This is a Class Action**

This lawsuit is proceeding as a class action. A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." The class representative who brings this action is Lydia Bultemeyer.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Here, Ms. Bultemeyer is suing CenturyLink on behalf of a class of consumers.

All members of the class will be bound by the result of this trial. The fact that this case is proceeding as a class action does not mean any decision has been made about what your verdict should be.

Your verdict in this case, whatever it may be, must be the same for every class member because the Court has already found that the important issues in the case are common to all class members.

**STIPULATED**

**Special Jury Instruction No. 2: – FCRA'S General Purpose**

The Fair Credit Reporting Act, ("FCRA") was enacted by Congress to ensure fair and accurate credit reporting, promote efficiency in the banking system, and to protect consumer privacy.

The FCRA prohibits a person from using or obtaining a credit report concerning a consumer without a permissible purpose specified in the statute for doing so. and without making a certification as to that purpose. Restricting the circumstances under which a consumer's credit report may be obtained is consistent with the statutory goal of protecting a consumer's right to privacy. Any person who obtains a consumer credit report about an individual without one of the "permissible purposes" set forth in 15 U.S.C. § 1681b(a) violates the FCRA.

*See Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 52 (2007); *Banga v. First USA, N*A, C 10-0975 SBA, 2014 WL 1158872, fn. 2 (N.D. Cal. 2014); 15 U.S.C. § 1681(a); 15 U.S.C. § 1681b(a)-(b); 15 U.S.C. § 1681b(f).

**<u>DISPUTED</u>**

**Special Jury Instruction No. 3: – FCRA Definitions**

Plaintiff and the members of the class are "consumers" as defined by the FCRA, 15 U.S.C. § 1681a(c).

CenturyLink is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

**Plaintiff's authority**:

9th Cir. Model Civ. Jury Instr. 1.6; 15 U.S.C. § 1681a(b); 15 U.S.C. § 1681a(c); Doc. 178 at 10.

**Defendant's objection(s)**:

The list of potential class members provided by Defendant includes entries that do not meet the definition of consumer, e.g., businesses and false names.

**Defendant's alternative instruction**:

**Special Jury Instruction No. 3: – FCRA Definitions**

Plaintiff is a "consumer" as defined in the FCRA.

CenturyLink is a "person" as defined in the FCRA.

**Defendant's authority**:

§ 1681a(b); 15 U.S.C. § 1681a(c). The class definition is not consistent with the entries on the class list.

**<u>DISPUTED</u>**

**Special Jury Instruction No. 4: Permissible Purpose**

To have a permissible purpose to obtain Ms. Bultemeyer's and class members' consumer credit reports, CenturyLink must demonstrate by a preponderance of the evidence that it had a legitimate business need for the information in connection with a business transaction that was initiated by Ms. Bultemeyer (and the class members). The requirement that a consumer initiate a business transaction is designed to protect a consumer's privacy and credit-related data by preventing companies from obtaining consumer credit reports that were not requested by the consumer.

Congress intended the FCRA to only authorize a person to request a consumer report to determine an individual's eligibility for credit, insurance or employment. A consumer's inquiry about prices or product availability do not constitute the initiation of a business transaction.

**Plaintiff's authority**:

15 U.S.C. § 1681b(a)(2); 15 U.S.C. § 1681b(a)(3); *Nayab v. Capital One Bank USA*, 942 F.3d 480, 493 (9th Cir. 2019); *Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991); *Bickley v. Dish Network, LLC*, 751 F.3d 724, 732 (6th Cir. 2014); *Skiles v. Tesla, Inc.*, 440 F. Supp. 3d 1012, 1017 (N.D. Cal. 2020); *Miller v. Dish Network, L.L.C.*, 326 F. Supp. 3d 51 (E.D. Va. 2018); 116 Cong. Rec. 36,572 (1970) (Statement of Rep. Sullivan); FTC Staff Summary § 604(a)(3)(F) item 5 (2011).

**Defendant's objection(s)**:

The burden of proof is on Plaintiff, not Defendant. *See, e.g.*, *Jabbari v. Farmer*, 965 F.3d 1001, 1008 (9th Cir. 2020). Also, whether the Defendant has reason to believe it had a permissible purpose is relevant to Plaintiff's claims.  See authorities below.

**Defendant's alternative instruction**:

### Special Jury Instruction No. 4: Permissible Purpose

To prove that CenturyLink did not have a permissible purpose to obtain Ms. Bultemeyer's and class members' consumer credit reports, Ms. Bultemeyer must demonstrate by a preponderance of the evidence that CenturyLink obtained a credit report relating to Ms. Bultemeyer and each class member, CenturyLink did not have a legitimate business need for the information, and Ms. Bultemeyer and members of the class did not initiate a transaction with CenturyLink. The requirement that a consumer initiate a business transaction does not require that the transaction be consummated, but rather that it be initiated.

Separately, even if the consumer did not intend to initiate a transaction with the user of credit report, a user has a permissible purpose to obtain a credit report if the user had reason to believe it had a permissible purpose in obtaining the report. The FCRA does not define the term "initiated," as used in the provision relevant here. You are permitted to give that word its ordinary meaning. According to dictionaries, "initiate" means to begin, commence, enter upon, to introduce, get going, start.

The FCRA does not require that a user of credit reports obtain a consumer's consent to have a permissible purpose to access her credit report.

A user's use of credit report information to verify the identity of a consumer and prevent identity theft is a legitimate business need. A user's use of credit report information to determine whether to charge a potential customer a deposit is a legitimate business need.

Congress intended the FCRA to only authorize a person to request a consumer report to determine an individual's eligibility for credit, insurance or employment. A consumer's inquiry about prices or product availability do not constitute the initiation of a business transaction.

**Defendant's authority**:

*Domante v. Dish Networks, L.L.C.,* 914 F.3d 1342 (11th Cir. 2020); *Bickley v. Dish Networks, L.L.C.*, 751 F.3d 724 (6th Cir. 2014); *Wyatt v. A & B Sales, Inc.*, No. 5:23-cv-303, 2024 U.S. Dist. LEXIS 14286, at *12-14 (N.D.W.V. Jan. 26, 2024), *In re Banner Bank*, No. 8:20-cv-02304-JLS-JDE, 2022 U.S. Dist. LEXIS 234527, at *9-10 (C.D. Cal. Dec. 16, 2022),  *Miller v. Dish Network, L.L.C.*, 326 F. Supp. 3d 51 (E.D. Va. 2018); *Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890, 896 (D.S.C. 2016);  *Huertas v. Citigroup, Inc.*, No. 13-2050 (RMB/JS), 2015 WL 2226012, at *1 (D.N.J. May 11, 2015), *aff'd*, 639 F. App'x 798 (3d Cir. 2016)  *Danehy v. Jaffe & Asher, LLP*, No. 5:14-CV-60-FL, 2015 WL 1249879, at *5 (E.D.N.C. Mar. 17, 2015)   *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996), *aff'd sub nom. Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997); *Hamilton v. Lanning*, 560 U.S. 505, 513 (2010).

**DISPUTED**

**Special Jury Instruction No. 5: Federal Trade Commission Advisory Opinions**

Advisory opinion(s) from the Federal Trade Commission (FTC) have been admitted into evidence. At the time of these advisory opinions, the FTC was the agency responsible for enforcing the FCRA. Advisory opinions from the FTC do not have the force of law, but are persuasive in providing guidance on specific interpretations of the FCRA. The FTC's interpretation of a statute may merit some deference whatever its form, given the specialized experience of the agency and given the value of uniformity in administrative and judicial understandings of what a national law requires. Like all other evidence, you should give it the weight you believe it deserves.

**Plaintiff's authority**:

Fed. R. Evid. 201; *United States v. Mead Corp.*, 533 U.S. 218, 234 (2001); *Moran v. Screening Pros, LLC*, 25 F.4th 722, 725-26 (9th Cir. 2022); *Zabriskie v. Fannie Mae*, 912 F.3d 1192, 1197 (9th Cir. 2019); *Owner-Operator Independent Drivers Ass'n, Inc. v. USIS Commercial Services, Inc.*, 537 F.3d 1184, 1192 (10th Cir. 2008) ( FTC staff opinion letter may be considered for persuasive value in a FCRA action); *Grijalva v. ADP Screening & Selection Servs.*, No. CV-22-00206-TUC-JCH, 2024 U.S. Dist. LEXIS 30869, at *11 (D. Ariz. Feb. 22, 2024).

**Defendant's objection(s)**:

Defendant objects to the admission of the advisory opinion letters into evidence and therefore also objects to this instruction. Also, the proposed instruction is factually inaccurate. The advisory opinion letters are not written by (and are not actions by) the

FTC, but instead by staff lawyers of the agency.  Indeed, the letters expressly sate "The opinions set forth in this informal staff letter are not binding on the Commission." Also, even if the courts may give some deference to such advisory letters, that should be done by the court in instructing the jury, not by the jury itself.

**<u>DISPUTED</u>**

**Special Jury Instruction No. 6: Willfully Defined**

"Willfully" means that CenturyLink intentionally performed an act that violates the Fair Credit Reporting Act or acted in reckless disregard of Plaintiff's rights under the Fair Credit Reporting Act.

Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. A person is reckless if he acts "knowing or having reason to know of facts which would lead a reasonable man to realize" that his actions were substantially risky.

You do not need to find that CenturyLink acted with malice or an evil motive in order to find that it acted willfully.

A person may willfully violate the FCRA by adopting a policy with reckless disregard of whether the policy contravenes consumer rights under the FCRA. This is true even if lawyers approved the policy, and even if courts have not ruled on issues related to the policy.

In determining whether Defendant's conduct was willful, you may consider whether Defendant took prompt remedial action when made aware of the violation.

**Plaintiff's authority**:

*See* S*afeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69-71 (2007); *Farmer v. Brennan,* 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1984); *Reynolds v. Hartford Financial Services,* 435 F 3d 1081, 1098 (9th Cir 2006), rev'd on other grounds; *Harris v. Equifax*

*Credit Info. Servs.*, No. 01-1728-JE, 2003 U.S. Dist. LEXIS 27221 (D. Or. Nov. 24, 2003); *Ramirez v. TransUnion LLC*, 951 F.3d 1008 (9th Cir. 2020); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197 (C.D. Cal. 2007); *Santangelo v. Comcast Corp.*, 341 F. Supp. 3d 830, 837 (N.D. Ill. 2018); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 721 (3d Cir. 2010); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1209 (C.D. Cal. 2007); *DiPrinzio v. MBNA America Bank, N.A.,* No. 04-872, 2005 U.S. Dist. LEXIS 18002, 2005 WL 2039175, *8 (E.D. Pa. Aug. 24, 2005); 9th Cir. Model Civ. Jury Instr. 5.5.

**Defendant's objection(s)**:

Plaintiff misreads the U.S. Supreme Court decision in *Safeco*, and separately fails to recognize the differences in the statutory claims for negligent and willful violations.

**Defendant's alternative instruction**:

### Special Jury Instruction No. 6: Willfully Defined

To prevail, Ms. Bultemeyer must prove not only that CenturyLink violated the Fair Credit Reporting Act but that such violation was also willful, and not merely negligent. "Willfully" means that CenturyLink intentionally violated the Fair Credit Reporting Act or acted in reckless disregard of the requirements of the Fair Credit Reporting Act. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, the conduct violating the Fair Credit Reporting Act was objectively unreasonable and its conduct presented an unjustifiably high risk of violating the Fair Credit Reporting Act that was so obvious that the company should have known its conduct violated the statute. You can determine that CenturyLink's conduct was not objectively unreasonable if you

determine that the FCRA, and appellate court decisions and authoritative regulatory guidance did not make clear to CenturyLink that its conduct violated the FCRA.

**Defendant's authority**:

15 U.S.C. §§ 1681n, 1681o; *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007); *Marino v. Ocwen Loan Servicing LLC*, 978 F. 3d 559 (9th Cir. 2020).

**<u>DISPUTED</u>**

**Special Jury Instruction No. 7: Statutory Damages**

If you find that CenturyLink willfully violated the FCRA with respect to the claim brought by Ms. Bultemeyer and the Class here, then you must award Ms. Bultemeyer and each member of the Class statutory damages of no less than $100 and no more than $1,000. In determining statutory damages, you should consider the nature of the consumer privacy rights Congress sought to protect. It is up to you to set the amount based upon the facts and circumstances of this case.

**Plaintiff's authority**:

15 U.S.C. 1681(a); *Ashby v. Farmers Ins*. Co., 592 F. Supp. 2d 1307 (D. Or. 2008).

**Defendant's objection(s)**:

The instruction with respect to Plaintiff's claims should be separate from the instruction with respect to the class claims.

**Defendant's alternative instruction**:

**Special Jury Instruction No. 7: Statutory Damages**

If you find that CenturyLink willfully violated the FCRA with respect to Ms. Bultemeyer, then you must award Ms. Bultemeyer statutory damages of no less than $100 and no more than $1,000. It is up to you to set the amount based upon the facts and circumstances of this case.

If you find that CenturyLink willfully violated the FCRA with respect to each member of the Class here, then you must award each member of the Class statutory

damages of no less than $100 and no more than $1,000. It is up to you to set the amount based upon the facts and circumstances of this case.

**Defendant's authority**:

15 U.S.C. 1681(a).

### Special Jury Instruction No. 8: Punitive and Exemplary Damages

You may award punitive damages if you find that CenturyLink's conduct was in reckless disregard of the rights of Ms. Bultemeyer and the Class. Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Among the factors which might be taken into account are: (1) the remedial purpose of the FCRA; (2) the consumer harm intended to be addressed by the FCRA; (3) the degree of reprehensibility of CenturyLink's conduct; and (4) whether CenturyLink promptly remedied its policies and procedures.

**Plaintiff's authority**:

9th Cir. Model Civ. Jury Instr. 5.5 and comments; *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-69, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); *Drew v. Equifax Info. Servs., L.L.C.*, 690 F.3d 1100 (9th Cir. 2012); *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 153 (4th Cir. 2008); *Miller v. Equifax Info. Servs.*, LLC, No. 3:11-CV-01231-BR, 2014 U.S. Dist. LEXIS 69450 (D. Or. May 20, 2014).

**Defendant's objection(s):**

This instruction does not incorporate the referenced Ninth Circuit Pattern Instruction. The authorities cited by Plaintiff do not support the final paragraphs of this instruction. The instruction does not highlight that, unlike statutory damages (which are automatically

awardable upon a finding of willful violation), punitive damages are discretionary (15 U.S.C. § 1681n(a)(2)) and require a heightened level of willfulness.  Finally, "exemplary" is not found in the statute and is vague.

**Defendant's alternative instruction**:

### Special Jury Instruction No. 8: Punitive Damages

You may, but are not required to, award punitive damages if you find that CenturyLink's violation of the FCRA was willful.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

You may award punitive damages only if you find that the defendant's conduct that harmed the consumer was malicious, oppressive or in reckless disregard of the consumer's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the consumer's rights if, under the circumstances, it reflects complete indifference to the consumer's rights, or if the defendant acts in the face of a perceived risk that its actions will violate the consumer's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the consumer with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the consumer.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.    In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the consumer was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the consumers in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the consumer.

Among the factors which might be taken into account are: (1) the remedial purpose of the FCRA; (2) the consumer harm intended to be addressed by the FCRA; (3) the degree of reprehensibility of CenturyLink's conduct; and (4) whether CenturyLink promptly remedied its policies and procedures.

**Defendant's authority**:

9th Cir. Model Civ. Jury Instruction 5.5; 15 U.S.C. § 1681n, § 1681o.

Date:  April 9, 2024

Respectfully submitted,

*/s/ Russell S. Thompson, IV*
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
(602) 388-8898
(866) 317-2674 facsimile
rthompson@thompsonconsumerlaw.com

*/s/ Andrew J. Brown*
Andrew J. Brown, Pro Hac Vice
The Law Offices of Andrew J. Brown
501 W. Broadway, Ste. 1490
San Diego, CA  92101
Telephone: (619) 501-6550
andrewb@thebrownlawfirm.com

Attorneys for Plaintiff

*/s/ Michael O'Neil*
Robert A. Roth *(pro hac vice)*
Michael O'Neil *(pro hac vice)*
Albert E Hartmann *(pro hac vice)*
Reed Smith LLP
10 S Wacker Dr., 40th Floor
Chicago, IL 60606-7507
T: 312-207-1000
F: 312-207-6400
rroth@reedsmith.com
michael.oneil@reedsmith.com
ahartmann@reedsmith.com

Kevin Michael Judiscak
Engelman Berger PC
2800 N Central Ave., Ste. 1200
Phoenix, AZ 85004
T: 602-271-9090
F: 602-222-4999
kmj@eblawyers.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

On April 9, 2024, I electronically submitted the attached document for filing with the Clerk of the Court of the U.S. District of Court of Arizona and for distribution of electronic notices of filing to be distributed to all counsel/parties of record.

s/ Russell S. Thompson, IV
Russell S. Thompson, IV
