1    **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8    Lydia Bultemeyer,                    )    No.  CV-14-02530-PHX-SPL
                                          )
9                                         )
                        Plaintiff,        )
10   vs.                                  )    **ORDER**
                                          )
11                                        )
     CenturyLink Incorporated,            )
12                                        )
                        Defendant.        )
13                                        )
                                          )
14   _____      )

15          Before the Court is Defendant CenturyLink Inc.'s Motion for Reconsideration (Doc.

16   291), in which they move pursuant to Federal Rule of Civil Procedure ("Rules") 59(e) and

17   60(a), as well as Local Rule of Civil Procedure ("LRCiv") 7.2(g), for a reconsideration and

18   "clarification" of the Court's recent Order (Doc. 287) granting Plaintiff's Motion to

19   Amend/Correct Clerk's Judgment. For the following reasons, CenturyLink's Motion will

20   be denied in its entirety.[1]

21   **I.    LEGAL STANDARD**

22          Reconsideration is disfavored and "appropriate only in rare circumstances."

23   *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Motions for

24   reconsideration are "not the place for parties to make new arguments not raised in their

25   original briefs," nor should such motions "be used to ask the Court to rethink what it has

26   _____

27          [1] Because it would not assist in resolution of the instant issues, the Court finds the
     pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R.
28   Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003). Under Local Rule 7.2(g), a motion for reconsideration should ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g); *see also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that granting a motion for reconsideration is appropriate where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). A motion for reconsideration may be brought based on "matters that the movant believes were overlooked or misapprehended by the Court." LRCiv 7.2(g)(1). However, "mere disagreement with a previous order is an insufficient basis for reconsideration." *See Adame v. City of Surprise*, 2018 WL 3496955, at *1 (D. Ariz. July 20, 2018).

Rule 60(b), which sets forth the grounds for relief from judgment, "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263 (citation omitted). The moving party bears the burden of proving the existence of a basis for Rule 60(b) relief. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Similarly, the Court may grant a motion under Rule 59(e) if the district court is presented with newly discovered evidence, committed clear error, the initial decision was manifestly unjust, or there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cty., Or. V. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## II.    DISCUSSION

In the Memorandum (Doc. 292) accompanying its Motion for Reconsideration, CenturyLink argues the Court has committed "manifest error" for multiple reasons, none of which are availing. (Doc. 292 at 4). First, they argue that "the Court's ruling was premised on the mistaken understanding that only CenturyLink had access" to information

regarding the individuals on which CenturyLink obtained credit reports. (*Id.* at 5–6). CenturyLink's contention that this Court "misunderstood" that *Plaintiff* actually possessed such information (based on a February 2016 subpoena Plaintiff issued to TransUnion) is not "newly discovered evidence" within the meaning of Rule 60 or LRCiv 7.2, and therefore provides no grounds for reconsideration.[2]

Nor does CenturyLink provide this Court with any reason to reconsider its reliance on various Supreme Court and Ninth Circuit decisions CenturyLink believes are "inapplicable." As has been stated many times over in this Circuit, motions for reconsideration are not a vehicle for the Court "to rethink what it has already thought." *Motorola*, 215 F.R.D. at 582. Without a showing of manifest error, the fact that CenturyLink disagrees with this Court's interpretation of the relevant law is immaterial. And it is entirely irrelevant that neither of the two Supreme Court decisions with which CenturyLink takes issue were not cited in the parties' briefing.[3]

The Court also declines to provide CenturyLink with "clarification" on an Order that is already clear. (Doc. 292 at 10). The Court has already explained that Rule 23(c)(3)(B) requires that the judgment in a class action "specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members." (Doc. 287 at 2). In granting Plaintiff's Motion to Amend the Judgment, the Court has done so. Any issues CenturyLink has with the 56,075

---

[2] And although the Court need not address this argument on the merits, it notes that while CenturyLink argues that Plaintiff should have identified the individuals on which CenturyLink obtained credit reports by serving further discovery on TransUnion, even TransUnion cannot provide a complete accounting of all class members subject to this lawsuit, as it would not be able to identify which potential class members signed arbitration agreements with CenturyLink. It remains indisputable that CenturyLink is the *only* "party that knows—or could know—the identities of the individuals whose credit reports it obtained during the class period and who did not sign a class action waiver or arbitration agreement." (Doc. 287 at 3).

[3] To the extent that CenturyLink implies that the Court improperly relies on various Supreme Court and Ninth Circuit cases because they were "not cited in the parties' briefing," the Court reminds CenturyLink that it is not limited to the parties' citations in formulating its decision; in fact, it is the Court's duty to ensure that the law argued by the parties is accurate, and it cannot merely accept the parties' legal assertions as true.

individuals to whom notice was directed, who have not requested exclusion, and whom this Court found to be class members are issues with the validity of their claims and are properly handled at the claims administration stage. (*Id.* at 5). To the extent that CenturyLink seeks to undermine the entire basis of this decade-long class action, perhaps its arguments are more appropriately raised in its pending appeal before the Ninth Circuit (Doc. 275).

Finally, CenturyLink continues to argue that Plaintiff failed to present evidence at trial that CenturyLink obtained the credit reports of all 56,075 identified class members, and to that end, CenturyLink misunderstands the entire purpose behind a Rule 23 class action. (Doc. 292 at 9–10). The purpose of the class action device is to "save[] the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23." *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979). Requiring the Plaintiff to present a jury with proof of every single class member's injury would utterly subvert this purpose, and yet CenturyLink continues to ask this Court to impose such a draconian requirement.

In sum, CenturyLink has provided this Court with no appropriate grounds on which to reconsider its previous Order, and accordingly,

**IT IS ORDERED** that Defendant CenturyLink's Motion for Reconsideration (Doc. 291) is **denied**.

Dated this 5th day of December, 2024.


Honorable Steven P. Logan
United States District Judge