**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Bultemeyer,<br><br>        Plaintiff,<br><br>vs.<br><br>CenturyLink Incorporated,<br><br>        Defendant. | No. CV-14-02530-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant CenturyLink Incorporated's Renewed Motion for Judgment as a Matter of Law ("JMOL") (Doc. 267) and Supporting Memorandum (Doc. 268), as well as Plaintiff's Response (Doc. 279). The Court now rules as follows.

**I.    BACKGROUND**

On November 14, 2014, Plaintiff Lydia Bultemeyer filed this lawsuit alleging that Defendant CenturyLink, Inc. violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b, by obtaining her credit report, and those of putative class members, without a permissible purpose. (Doc. 1). On February 2, 2023, the Court certified this matter as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of:

> [E]very individual in the United States about whom Defendant CenturyLink obtained a consumer credit report using the personal information the individual entered into CenturyLink's ecommerce website from November 14, 2012 through November 14, 2014 and who did not sign an arbitration agreement or class action waiver with CenturyLink.

(Doc. 178 at 10).

On September 16, 2024, following a jury trial, judgment was entered in favor of Plaintiff. (Doc. 251). The jury verdict found that Defendant violated the FCRA and awarded Plaintiff damages in the amount of $500.00 in statutory damages and $2,000.00 in punitive damages per class member. (*Id.*; Doc. 287).

On October 15, 2024, Defendant filed its Renewed Motion for Judgment as a Matter of Law, arguing that no reasonable juror could find in favor of Plaintiff because (1) Plaintiff did not provide sufficient evidence at trial that Defendant obtained the credit reports each class member; and (2) Plaintiff did not present sufficient evidence that Defendant willfully violated the FCRA. (Doc. 268 at 5, 10).

**II.     LEGAL STANDARD**

A party may *renew* a motion for JMOL no later than 28 days after the entry of judgment in a jury trial. Fed. R. Civ. P. 50(b). "The test [on a Rule 50(b) motion] is whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016) (quotations and citation omitted). Mere disagreement with the jury's outcome is insufficient, as JMOL is appropriate only if a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). Where there is sufficient conflicting evidence, or if reasonable minds could differ over the verdict, JMOL is improper. *Harper v. City of L.A.*, 533 F.3d 1010, 1021–22 (9th Cir. 2008).

**III.    DISCUSSION**

First, Defendant argues that the jury's verdict was not supported by legally sufficient evidence because Plaintiff failed to introduce evidence that CenturyLink obtained every class member's credit report. (Doc. 268 at 5). Defendant further argues that "Plaintiff's failure to prove at trial that CenturyLink obtained credit reports about class members also demonstrates that there is no proof that class members have Article III standing." (*Id.* at 8).

As the Court stated in its December 5, 2024 Order (Doc. 295), to require Plaintiff

to submit evidence on behalf of all class members "misunderstands the entire purpose behind a Rule 23 class action." (*Id.* at 4). The commonality requirement of class action certification requires the plaintiff to show that "there are questions of law or fact common to the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). In other words, the class members' claims "must depend on a common contention" that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in *one stroke*." *Id.* at 350 (emphasis added). In certifying the class in this case, the Court found that there was a common question of law or fact present that was capable of classwide resolution in one stroke, rather than requiring resolution by thousands of individualized strokes. (Doc. 178 at 5). Indeed, this Court has repeatedly held that the issue of identifying class members and determining which individuals Defendant pulled the credit reports of is "not truly a 'question[] of law or fact' to be adjudicated but rather an administrative issue." (Doc. 178 at 7; *see also* Doc. 295 at 4). Thus, to the extent that Defendant argues that reasonable minds could not find a verdict for Plaintiff because Plaintiff did not provide evidence on behalf of every class member, the Court rejects Defendant's argument.

The Court declines to address Defendant's standing argument (Doc. 268 at 8), as Defendant did not make the argument in its oral pre-verdict motion for judgment as a matter of law. (*See* Doc. 249 at 576–81); *E.E.O.C. v. Go Daddy Software, Inc*., 581 F.3d 951, 961 (9th Cir. 2009) ("Thus, a party cannot properly raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion.") (internal quotation marks omitted).

Additionally, Defendant argues that JMOL is warranted because Plaintiff failed to present evidence that Defendant willfully violated the FCRA. (Doc. 268 at 10). The parties agree that the question of whether Defendant willfully violated the FCRA turns on whether Defendant obtained the credit reports of Plaintiff and the class members without a permissible purpose. (Docs. 268 at 12; 279 at 11). Under the statute, a party has a permissible purpose for obtaining credit reports if it has "a legitimate business need for the

information in connection with a business transaction . . . initiated by the consumer." 15 U.S.C. § 1681b(a)(3)(F)(i). If Defendant's interpretation that Plaintiff and the class members "initiated" a business transaction when they completed the first four steps of the order process before abandoning their carts was objectively unreasonable, then Defendant's credit pulls were willful violations. (Docs. 268 at 11–16; 279 at 10–16). Defendant argues that Plaintiff offered no evidence at trial that Defendant's position was objectively unreasonable. (Doc. 268 at 11).

In her Response (Doc. 279), Plaintiff argues that the evidence at trial demonstrates that Defendant had no reasonable justification for its position that Plaintiff and class members initiated a business transaction with CenturyLink, and therefore, the jury could reasonably conclude that Defendant willfully obtained the class members' credit reports. (*Id.* at 16). In particular, Plaintiff proffered expert witness testimony about a Federal Trade Commission letter relaying that a consumer must affirmatively be purchasing something requiring credit in order to be initiating a transaction. (Doc. 249 at 536–38). Defendant admits that authoritative guidance from the FTC is a key consideration in determining whether a defendant's position was objectively unreasonable. (Doc. 268 at 12). Additionally, Plaintiff points to evidence that the ordinary meaning—and Plaintiff's understanding—of the term "business transaction" requires an exchange or transfer of services, which never happened for the class members who abandoned their carts. (Docs. 279 at 12; 245 at 162).

The Court maintains that reasonable minds could differ the regarding the evidence supporting the verdict, and thus JMOL is inappropriate here. For example, it was the jury's decision alone to weigh the credibility of Plaintiff's and Plaintiff's expert Evan Hendricks' testimony regarding whether Defendant had a reasonable justification for obtaining the credit reports. As such, the Court will deny Defendant's Motion for JMOL.

Accordingly,

///

///

**IT IS ORDERED** that Defendant CenturyLink Incorporated's Renewed Motion for Judgment as a Matter of Law (Doc. 267) is **denied.**

Dated this 30th day of January, 2025.

                                                                     Honorable Steven P. Logan
                                                                     United States District Judge