**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lydia Bultemeyer, | No. CV-14-02530-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| CenturyLink Incorporated, | |
| Defendant. | |

Before the Court is Plaintiff Lydia Bultemeyer's Motion for Attorneys' Fees, Costs, and Service Award (Doc. 281), Defendant CenturyLink Incorporated's Response (Doc. 294), and Plaintiff's Reply (Doc. 296). Also before the Court is Defendant's Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion for Attorneys' Fees (Doc. 297), which the parties have fully briefed (Docs. 299, 300). The Court now rules as follows.

## I.    BACKGROUND

On November 14, 2014, Plaintiff Lydia Bultemeyer filed this lawsuit alleging that Defendant CenturyLink, Inc. ("CenturyLink") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b, by obtaining her credit report, and those of putative class members, without a permissible purpose. (Doc. 1). On February 2, 2023, the Court certified this matter as a class action pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(3). (Doc. 178).

On September 16, 2024, following a jury trial, judgment was entered in favor of Plaintiff. (Doc. 251). The jury found that Defendant violated the FCRA and awarded

Plaintiff damages in the amount of $500.00 in statutory damages and $2,000.00 in punitive damages per class member. (*Id.*; Doc. 287). Defendant subsequently filed a Notice of Appeal to the Ninth Circuit Court of Appeals. (Doc. 273). The Ninth Circuit issued an Order staying appeal until the Court ruled on pending tolling motions in the case. (Doc. 276).

Plaintiff subsequently filed the present Motion for Attorneys' Fees, Costs, and Service Award. (Doc. 281). Plaintiff requests the Court award attorneys' fees under the "percentage-of-recovery" method in the amount of 25 percent of the common fund created by their successful litigation, which Plaintiff purports to total $35,046,875.00; an additional $111,137.33 in unreimbursed taxable and non-taxable costs; and a $100,000 service award for named Plaintiff Lydia Bultemeyer. (*Id.* at 2). Defendant argues that Plaintiff's motion should be denied because (1) a common fund award is inappropriate here, and Plaintiff's alternative request for a lodestar award with a multiplier of 11 is unwarranted; (2) Plaintiff did not comply with the requirements of LRCiv 54.1 for her request for costs; and (3) there is no basis for a service award to the named plaintiff under the FCRA. (Doc. 294 at 3, 12).

## II.     DISCUSSION

Federal Rule of Civil Procedure ("Rule") 54(d)(2) governs motions for attorneys' fees. Fed. R. Civ. P. 54(d)(2). The Advisory Committee Notes to the Rule provide that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment. Courts often will want to resolve fee disputes shortly after trial, "while the services performed are freshly in mind" and in order to "make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." *Id.* "However, where the issues on appeal carry a significant potential that the Ninth Circuit's disposition may greatly affect the Court's consideration of the motion for attorneys' fees, a court is within its discretion to postpone a ruling on the attorneys' fee motion." *Mohave Cnty., Ariz.*

*v. Lexon Sur. Grp. LLC*, No. CV-14-08011-PCT-DJH, 2016 WL 11786996, at *1 (D. Ariz. Sept. 29, 2016) (cleaned up).

Other district courts within the Ninth Circuit have routinely found that the reasoning of the advisory committee's note to the 1993 Amendment to Rule 54 is also applicable to costs. *Jones v. Cnty. of Tulare, Cal.*, No. 1:17-CV-1260-SKO, 2024 WL 3673150, at *1 (E.D. Cal. Aug. 5, 2024) (collecting cases). To that end, other courts in the Ninth Circuit typically consider the disposition of named plaintiff service awards in class action cases along with attorneys' fees and costs. *See generally Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 490 (E.D. Cal. 2010); *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1018 (E.D. Cal. 2019). As such, the Court finds it appropriate to apply the advisory committee note's reasoning to Plaintiff's request for a service award, as well.

Here, the Court finds it prudent to defer ruling on Plaintiff's requests for costs, fees, and awards until Defendant's appeal is resolved. Given the complex history of the case and issues on appeal, there is a significant potential that the Ninth Circuit's disposition may affect the Court's consideration of Plaintiff's Motion. "To make such a determination now would not only be premature, but would risk wasting the Court's judicial resources, particularly given the amounts requested by [Plaintiff] and the volume of briefing by the parties." *Gypsum Res., LLC v. Clark Cnty.*, No. 219CV00850GMNEJY, 2023 WL 7355662, at *2 (D. Nev. Oct. 3, 2023); *see also Reading Int'l, Inc. v. Malulani Grp., Ltd.*, No. 13-cv-00133, 2014 WL 12772247, at *2 (D. Haw. Sept. 25, 2014) (staying motion for attorney's fees in the interest of judicial economy where the amount of money at stake was "substantial" and "the request and related briefing are voluminous" and would "involve the painstaking review of somewhere between 74 and 101 pages of timesheets."). Moreover, "disposition of the Motion may lead to the filing of additional related motions in the future, such as motions for reconsideration and/or objections which would further tax judicial resources," and a preliminary review of the Motion suggests that disposition "may require the submission of additional declarations explaining or clarifying time entries or other matters." *Reading*, 2014 WL 12772247, at *2.

Accordingly,

**IT IS ORDERED** that Plaintiff Lydia Bultemeyer's Motion for Attorneys' Fees and Costs (Doc. 281) is **denied without prejudice**. The parties may refile their motions and supporting documents within **30 days after the appeal is final**, if warranted by the Ninth Circuit's decision. The parties shall file response and reply memoranda in accordance with Rule 7.2, Local Rules of Civil Procedure. See LRCiv 54.2(b)(3).

**IT IS FURTHER ORDERED** that Defendant CenturyLink's Motion for Leave to File Sur-Reply (Doc. 297) is **denied as moot** and **without prejudice.**

Dated this 6th day of March, 2025.

Honorable Steven P. Logan
United States District Judge